UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: PLATINUM PROPERTIES, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 11-05140-BHL-11 |
| | ) | |
| In re: PPV, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 11-05141-FJO-11 |

**EMERGENCY MOTION FOR ORDER PERMITTING THE SALE OF LOTS IN THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, WITH LIENS TO ATTACH TO SALES PROCEEDS**

Platinum Properties, LLC ("Platinum") and PPV, LLC ("PPV"; PPV and Platinum are collectively referred to as the "Debtors"), the debtors and debtors in possession in the above captioned chapter 11 cases ("Chapter 11 Cases"), file this motion ("Sale of Lots Motion") for entry of an order authorizing the Debtors to sell lots in the ordinary course of business free and clear of liens, and the attachment of liens to a portion of the proceeds of the sales. The proposed form of the order (the "Lot Sale Order") granting the Sale of Lots Motion is attached hereto as Exhibit A.

In support of this Sale of Lots Motion, the Debtors rely on the Declaration of Steven R. Edwards in Support of First-Day Pleadings (the "Edwards Declaration"), and may present additional evidence at the hearing on the Sale of Lots Motion.

**JURISDICTION**

1.    On April 25, 2011 ("Platinum Petition Date"), Platinum filed with the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division (the "Court"), its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. as amended (the "Bankruptcy Code") commencing Platinum's chapter 11 case.

2. On April 25, 2011 ("PPV Petition Date" and together with the Platinum Petition Date, collectively, the "Petition Date"), PPV filed with the Court its voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing its chapter 11 case.

3. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. No trustee or examiner has been appointed.

5. This Court has jurisdiction to consider this Sale of Lots Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief sought herein are §§ 105 and 363 of the Bankruptcy Code.

**BACKGROUND AND EVENTS LEADING TO FILING**

7. As more fully set forth in the Edwards Declaration, Platinum is a residential real estate developer. Platinum acquires land, designs the projects, obtains zoning and other approvals, and constructs roads, drainage, utilities, and other infrastructure of residential subdivisions. Platinum then sells the finished, platted lots. Platinum also has an ownership interest in several special purpose entities ("SPEs") that in turn own, operate and manage individual projects.

8. PPV is essentially a joint venture between Platinum and a non-debtor entity, Pittman Partners, Inc., each of whom hold an equity interest in PPV. PPV owned four projects directly and owns 100% of the membership interest of Sweet Charity Estates, LLC. As of the Petition Date, only one of PPV's four projects is active, and Platinum has a 65% equity interest in the proceeds of the lots sold at that remaining project, after all of Platinum's equity investment in the project has been returned.

9. The Debtors are victims of the well-publicized collapse of the residential market that began in early 2006. Although the Debtors increased their market share of lots sold from 2006 to 2010, total lots sold by the Debtors plummeted. This deterioration of top line revenue has severely challenged the Debtors' ability to sustain their operations.

10. The Debtors have taken many measures to prevent the filing of the Chapter 11 Cases, including entering into formal or informal forbearance agreements or loan extension agreements with most of the lenders on the projects of the Debtors or their related SPEs. The filing of the Debtors' Chapter 11 Cases was precipitated by the foreclosure judgments in favor of PNC Bank, N.A. ("PNC"). PNC used its judgment lien to impair, delay, or increase the cost of lot closings, thereby further impairing the Debtors' cash flow and necessitating the filing of the Chapter 11 Cases.

11. A more in depth discussion of the business, creditors, and circumstances of the Debtors is set forth in the Edwards Declaration, which is incorporated by reference herein.

## RELIEF REQUESTED

A. **Summary of Relief**

12. By this Sale of Lots Motion, Debtors seek entry of the Lot Sale Order authorizing the Debtors to sell lots in the ordinary course of business free and clear of liens, and the attachment of liens to a portion of the proceeds of the sales.

13. The Lot Sale Order shall, among other things, provide for the following: (a) authorization for the Debtors to sell lots in the ordinary course of business free and clear of liens, (b) the attachment of liens to the Lender Proceeds (as hereinafter defined), (c) authorization for the Debtors to pay through its title insurer from closing proceeds the reasonable and customary expenses normally identified on a HUD-1 Settlement Statement, (d) authorization for the title insurer to directly pay to Debtors the Lender Proceeds to be held by Debtors in

-3-

segregated accounts for each of the projects for the benefit of such project lender, and (e) authorization for the title insurer to directly pay to Debtors the Operating Proceeds.

B. **Basis for Relief**

14. The Debtors are in the business of selling residential real estate lots. In order to sell a lot, the Debtors have to be able to convey to a buyer good and insurable title.

15. The PNC judgments were filed less than 90 days prior to the Petition Date. Debtors have, contemporaneously with the filing of their Chapter 11 Cases, commenced an adversary proceeding against PNC to avoid the PNC judgment lien under Section 547 of the Bankruptcy Code, preserve the avoided judgment lien for the benefit of the estate pursuant to Section 551 of the Bankruptcy Code, and recover from PNC a $34,000 pre-petition payment demanded by and paid to PNC as a condition to PNC's issuance of a partial release of its judgment, pursuant to Section 550 of the Bankruptcy Code.

16. Any delay that the Debtors sustain in connection with closing a sale of a lot is an obvious impairment to its cash flow. The Debtors' cash flow could be further impaired by a market perception that the Debtors are not only delayed, but perhaps unable, to convey good title to sold lots. It is absolutely imperative to the Debtors' survival that the Debtors are able to sell lots in the ordinary course of business without creating any extra work or aggravation to the lot purchaser. Otherwise, in the existing challenged real estate economy and highly competitive market for the sale of lots, potential lot purchasers could choose to purchase lots from other developers at other communities.

17. The judgment lien asserted by PNC is clearly avoidable as a preference. PNC is not entitled to any adequate protection, nor should it be permitted to prevent, delay or impair lot sales by the Debtors.

18. Additionally, Debtors intend to negotiate with the project lenders and convert their forbearance agreements or other loan extension agreements into adequate protection agreements. The intent is to retain sufficient proceeds to fund the Debtors' Chapter 11 Cases and release remaining proceeds in substantially the same amounts currently provided for in such forbearance agreements or other loan extension agreements to the applicable lender.

19. In the mean time, the Debtors need to sell lots in the ordinary course of business free and clear of the lenders' mortgage liens and the judgment liens of PNC.

20. Until the Debtors have entered into adequate protection agreements with the other lenders or the Court orders otherwise, the Debtors will (a) retain and use for operating expenses the same percentage or amount of the proceeds of the sale of lots as the Debtors were permitted by project lenders to retain and use under the prepetition agreements with the project lenders (the "Operating Proceeds") and (b) place in escrow the remaining lot proceeds (the "Lender Proceeds") with the liens of the applicable project lender attaching to such escrowed proceeds.

C.   **Applicable Authority**

21. The authority sought hereunder pertains to section 105 and 363 of the Bankruptcy Code. Section 363 of the Bankruptcy Code provides for the sale of estate assets free and clear of liens and interests. Section 105 of the Bankruptcy Code is the source of general authority for this Court to issue orders to further the purposes of the Bankruptcy Code or preserve its jurisdiction over assets of the Debtors' estates.

22. Section 363 of the Bankruptcy Code is usually invoked when a debtor seeks authority to use, sell, or lease property other than in the ordinary course of business. It is typically not necessary for a debtor to obtain relief from a bankruptcy court to sell property in the

-5-

ordinary course of business. However, these Debtors are in the business of selling real estate which, among other things, requires that the Debtors be able to convey good and insurable title to purchasers. Ordinarily, lenders who have mortgage liens against the lot inventory of the Debtors deliver at closing partial releases of mortgages upon which a title company relies in connection with issuing a clean policy of title insurance to a purchaser. In the absence of a delivered release, the title insurance company will not issue a policy, and the purchaser will not complete the purchase of the lot.

23. The Debtors are concerned that they may not have the immediate cooperation of their project lenders in connection with the delivery of partial mortgage releases relating to lot sales. As set forth above and in the Edwards Declaration, the Debtors have not had sufficient cooperation from PNC in connection with the delivery of partial releases of its judgment liens, which impaired the sale of lots prepetition. The Debtors have consulted with their title company to determine what the Debtors could do in order to provide comfort to the title company sufficient to permit the title company to issue a clean policy of title insurance, even if a partial release of mortgage or a partial release of judgment is not delivered to a closing. The Debtors, together with their title company, have crafted the attached form of Lot Sale Order. The title company has indicated to the Debtors that if the Lot Sale Order is entered by this Court, the title company will issue clean policies of title insurance whether or not partial releases of mortgages or judgment liens are delivered prior to closing.

24. The Debtors have filed a First Day Motion for Authority to Use Cash Collateral (the "Cash Use Motion") as a companion to this Sale of Lots Motion. The Cash Use Motion seeks authority to use the Operating Proceeds from the sale of lots.

BDDB01 6639842v4

25. The relief requested in the Cash Use Motion and this Sale of Lots Motion is necessary for the continued operations of the Debtors.

## NOTICE

26. The Debtors will provide, on the Petition Date, notice of this Sale of Lots Motion, by telephone, telecopy, electronic mail, overnight delivery service, or hand delivery, to (i) the office of the United States Trustee for the Southern District of Indiana; (ii) the Internal Revenue Service; (iii) the Debtors' consolidated twenty (20) largest general unsecured creditors (to the extent practicable); (iv) all secured creditors; and (v) any party who has filed an appearance and served same on the Debtors prior to service (the "Notice Parties").

## NO PRIOR REQUEST

27. No previous request for the relief requested herein has been made to this Court in these Chapter 11 Cases.

WHEREFORE, the Debtors respectfully request that the Court enter an Order (a) authorizing the Debtors to sell lots in the ordinary course of business free and clear of liens, (b) authorizing and directing the Debtors to escrow the Lender Proceeds with the liens of the applicable project lender to attach to the Lender Proceeds pending negotiation of adequate protection agreements or the Court ordering otherwise and (c) granting the Debtors all other proper relief.

Respectfully submitted,

BAKER & DANIELS LLP

By: /s/ Jay Jaffe

Jay Jaffe (#5037-98)
Jennifer A. Pearcy (#27460-29)
Baker & Daniels LLP
600 E. 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-4687
Facsimile: (317) 569-4800
jay.jaffe@bakerd.com
jennifer.pearcy@bakerd.com

Shiv Ghuman O'Neill (#23280-53A)
Kayla D. Britton (#29177-06)
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
shiv.oneill@bakerd.com
kayla.britton@bakerd.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

-8-