Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: PLATINUM PROPERTIES, LLC, | ) | Chapter 11 |
|  | ) |  |
| Debtor. | ) | Case No. 11-05140-BHL-11 |
|  | ) |  |
| In re: PPV, LLC, | ) | Chapter 11 |
|  | ) |  |
| Debtor. | ) | Case No. 11-05141-FJO-11 |

**ORDER ON EMERGENCY MOTION FOR ORDER PERMITTING THE SALE OF LOTS IN THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, WITH LIENS TO ATTACH TO SALES PROCEEDS**

This matter is before the Court on the *Emergency Motion For Order Permitting The Sale Of Lots In The Ordinary Course Of Business Free And Clear Of Liens, With Liens To Attach To Sales Proceeds* ("Sale of Lots Motion") of Platinum Properties, LLC ("Platinum") and PPV, LLC ("PPV"; PPV and Platinum are collectively referred to as the "Debtors"), the debtors and debtors in possession in the above captioned chapter 11 cases ("Chapter 11 Cases"), seeking entry of an order permitting the Debtors to sell lots in the ordinary course of business free and

BDDB01 6641268v2

clear of liens and the attachment of liens to a portion of the proceeds of the sales pursuant to 11 U.S.C. §§ 105 and 363.

Upon consideration of the Sale of Lots Motion, and upon the record of the hearing held on the Sale of Lots Motion, the Court now being duly advised finds that: (i) the Debtors continue to operate their businesses and manage their properties as debtors-in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108; (ii) no trustee or examiner has been appointed; (iii) it has jurisdiction over the matters raised in the Sale of Lots Motion pursuant to 28 U.S.C. §§ 157 and 1334, (iv) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (v) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (vi) the ability of the Debtors to continue their operations depends on the Debtors being able to sell lots in the ordinary course of business free and clear of liens and accordingly the relief requested in the Sale of Lots Motion is in the best interests of the Debtors, their estates and their creditors; (vii) proper and adequate notice of the Sale of Lots Motion and the hearing thereon has been served and that no other or further notice is necessary; (viii) granting the relief requested on an emergency basis is necessary to preserve and maximize assets of the estate and (ix) upon the record in this case and after due deliberation good and sufficient cause exists for the granting of the relief requested. Accordingly,

**IT IS HEREBY ORDERED** that**:**

1. The Sale of Lots Motion is GRANTED and any objections thereto are hereby overruled.

2.  The Debtors are (a) authorized to sell lots in the ordinary course of business free and clear of liens, (b) authorized and directed to escrow the Lender Proceeds[1] pending negotiation of adequate protection agreements or further order of this Court and (c) authorized to pay through its title insurer from closing proceeds the reasonable and customary expenses normally identified on a HUD-1 Settlement Statement.

3.  The project lenders existing mortgage liens will attach to the escrowed Lender Proceeds of such lots upon which such project lender has a mortgage lien pending negotiation of adequate protection agreements or further order of this Court. The liens in the escrowed Lender Proceeds shall be perfected by operation of law upon entry of this Order by the Court. The project lenders shall not be required to file or record financing statements, notices of lien or similar instruments in any jurisdiction, or take any other action in order to validate and to perfect the liens granted to the project lenders in the applicable Lender Proceeds pursuant to this Order.

4.  Any title insurers insuring title to the sale of any of the lots are authorized to directly pay to Debtors (a) the Lender Proceeds to be held by Debtors in segregated accounts for each of the projects for the benefit of such project lender and (b) the Operating Proceeds.

5.  The Debtors shall cause a copy of this Order to be served on the Notice Parties within five business days of the date hereof.

###

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale of Lots Motion