UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re:   PLATINUM PROPERTIES, LLC, ) | Chapter 11 |
| ) | |
| Debtor.            ) | Case No. 11-05140-BHL-11 |
| ) | |
| ) | |
| In re:   PPV, LLC               ) | Chapter 11 |
| ) | |
| Debtor.            ) | Case No. 11-5141-FJO-11 |

**LIMITED OBJECTION OF PNC BANK TO DEBTORS EMERGENCY MOTION FOR ORDER PERMITTING THE SALE OF LOTS IN THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, WITH LIENS TO ATTACH TO SALES PROCEEDS**

COMES NOW PNC Bank, National Association (PNC Bank), by and through its attorneys, Plunkett Cooney, and files its Limited Objection to the Debtor's Motion FOR ORDER PERMITTING THE SALE OF LOTS IN THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, WITH LIENS TO ATTACH TO SALES OF PROCEEDS ("Emergency Motion") and in support thereof would show this Court as follows:

1.   Pursuant to that certain Continuing Guaranty (Platinum Properties) dated September 1, 2005, Debtor Platinum Properties, LLC ("Platinum") unconditionally and absolutely guaranteed the full and timely performance of the loan obligations owed by Sweet Charity Estates, LLC to PNC Bank (the "Sweet Charity Estate obligations").

2.   Pursuant to that certain Continuing Guaranty (PPV) dated September 1, 2005, Debtor PPV LLC ("PPV) unconditionally and absolutely guaranteed the full and timely performance of the "Sweet Charity Estate obligations".

3.  Pursuant to that certain Continuing Guaranty (Platinum Properties) dated December 20, 2005, Platinum unconditionally and absolutely guaranteed the full and timely performance of the loan obligations owed by Reserve at Steeplechase, LLC to PNC Bank (the "Reserve at Steeplechase obligations").

4.  On January 25, 2011, the Hamilton County Circuit Court in Cause No. 29C01-1006-MF-2450 entered an Order Granting Summary Judgments in Favor or Plaintiff and Against Defendants; Decree of Foreclosure; and Order for Sale of Property in favor of PNC Bank in the amount of Ten Million Two-Hundred Two Thousand Six-Hundred Fourteen and 99/100 Dollars ($10,202,614.99) jointly and severely against Platinum and PPV on the Sweet Charity Estate obligations.

5.  On January 25, 2011, the Hamilton County Circuit Court in Cause No. 29C01-1004-MF-1276 entered an Order Granting Summary Judgment in Favor of Plaintiff and Against Defendants; Decree of Foreclosure; and Order for Sale of Property against Platinum on the Reserve at Steeplechase obligations in the amount of Five Million Nine Hundred Sixty-Three Thousand Six-Hundred Thirty-One and 63/100 Dollars ($5,963,631.63).

6.  The judgements referenced in Paragraph 4 and 5 above are hereinafter referred to as the "PNC Bank Judgments".

7.  Pursuant to Indiana Code 34-5-9-1, the PNC Bank Judgments attached as liens by the operation of Indiana law to all real estate owned by Platinum and PPV in Hamilton County, Indiana (the "PNC Bank Judgment Liens") on and after January 25, 2011.

8.  In February and March 2011, Platinum requested that PNC Bank release the PNC Bank Judgment Liens on certain lots with pending sales and PNC did so without any payment to PNC Bank once Debtors had demonstrated to PNC Bank that the Debtors were not receiving

2

proceeds in excess of the carve outs that the Lenders secured by said lots had been permitting the Debtors for operating expenses on those projects.

9. In April 2011, Debtors requested the releases of the PNC Bank Judgment Liens on certain lots and other real estate which PNC Bank was reviewing prior to the Debtors' Petition Date of April 25, 2011.

10. In its Emergency Motion, the Debtor has not attached an operating budget to provide the Court, PNC Bank and the other creditors with any details of the operating expenses for which it seeks Court approval during the duration of the proposed Order.

11. Instead, in paragraph 20 of the Emergency Motion, Debtors ask for carte blanche authority to "retain and use for operating expenses the same percentage or amount of the proceeds of the sale of lots as the Debtors were permitted by project lenders to retain and use under the prepetition agreements with the project lenders (the "Operating Proceeds")…", without disclosing any details of these agreements.

12. Were the Court to approve the Emergency Motion as Debtors request, the Debtors would be able use proceeds from the sale of lots governed only by the agreements between the Debtors and the Lenders agreed to prepetition according to the relationship between those Lenders and the Debtors, without any disclosure of the actual amounts retained by Debtors and the accounting for those expenditures. Accordingly, PNC Bank objects to the Emergency Motion for Debtors failure to disclose the details of these prepetition agreements with the Lenders.

13. PNC Bank further objects to the Emergency Motion because it does not fairly disclose to the Court the transation in which PNC Bank was paid the sum of $34,000.00 in return for releasing the PNC Bank Judgment Liens on 34 lots in the development that Debtors referred

3

to as Sonoma Section 5.  Debtors advised PNC Bank that Arbor Homes, LLC ("Arbor") was going to loan the Debtors $170,000.00 to be paid to Bank of America for a release of its mortgage on the 34 lots and in return Arbor was to be granted a mortgage on the 34 lots for the $170,000.00 advance and to secure antecedent debt of Debtors to Arbor that was not secured by a mortgage.  Because Debtors were going to grant a mortgage to Arbor for antecedent debt as just described, PNC Bank negotiated a release price of $1,000 per lot ($34,000.00) in return for the releases of the PNC Bank Judgment Liens.

14. Debtors assert that PNC Bank has been preferred by the payment of the $34,000.00 without disclosing that Arbor has also been preferred by the mortgage that was granted on February 4, 2011 securing antecedent debt of $754,776.12.  Attached hereto as Exhibit "A" hereto and incorporated by reference herein is a copy of a "Platinum Properties, LLC Amended and Restated Senior Secure Promissory Note in the amount of One Million Fifty Thousand and 00/100 Dollars ($1,050,000) dated February 4, 2011 made by the Platinum to Arbor pursuant to the terms of a "First Amendment to Loan Agreement attached hereto as Exhibit "B" and incorporated by reference herein.

15. Section 5 of the Arbor Note on page four references that Platinum's obligations under the Note are secured by a "Real Estate Mortgage and Security Agreement (and Fixture Filing), dated as of February 4, 2011…".  The second paragraph of the Note references there is indebtedness owed by Platinum to Arbor pursuant to a. "Promissory Note, dated September 23, 2010, issued by Platinum to the Lender in the principal amount of $880,000 ("Prior Note") and b. an additional Advance in the principal amount of $170,000, made by the Lender to Platinum on February 4, 2011, pursuant to the First Amendment.  This Note shall be deemed for all purposes to evidence the same indebtedness evidenced by Prior Note surrendered and exchanged

4

therefore [which by the terms of the First Amendment was $754,776.12], and such exchange shall in now way represent the satisfaction, repayment, novation or cancellation of all or any part of the indebtedness represented by the Prior Note." Since the Mortgage was granted on February 4, 2011, within ninety (90) days of the Debtors Petition, Arbor appears to have been preferred in the amount of $754,776.12 while PNC Bank received only the $34,000 that Debtors now seek to set aside as a preference.

16. Without a current disclosure of the salaries to be received by the Debtors' principals postpetition, PNC Bank objects to the Emergency Motion for lack of such disclosure because prior information disclosed to PNC Bank slows significant levels of compensation to employees. Debtor Platinum has provided to PNC annualized spreadsheets titled "Consolidating Statement of Income" for the year 2007, attached hereto as Exhibit "C" and incorporated by reference herein, for the year 2008 attached hereto as Exhibit "D" and incorporated by reference herein, for the year 2009 attached hereto as Exhibit "E" and incorporated by reference herein and for the year 2010, attached hereto as Exhibit "F", and incorporated by reference herein.

17. For 2007, total operating expenses were Two Million One-Hundred Twelve Thousand Two-Hundred Fifty-Five and 00/100 Dollars ($2,112,255.00) of which $1,587,984.00 were expenses for salaries, payroll taxes, and group insurance ("Salary") (75% of total operating expenses).

18. For 2008 total operating expenses were Two Million Ten Thousand Two-Hundred Forty-One and 00/100 Dollars ($2,010,241.00) of which $1,573,983.00 was Salary (78% of total operating expenses).

19. For 2009 total operating expenses were One Million Eight-Hundred Eighty-Six Thousand One-Hundred Seventy-Eight and 00/100 Dollars ($1,886,178.00) of which $1,501,541.00 was Salary (80% of total operating expenses).

20. For 2010 total operating expenses were One Million Six-Hundred Fifty-One Thousand Four and 00/100 Dollars ($1,651,004.00) of which $1,367,751.00 was Salary (82% of total operating expenses).

21. PNC Bank further objects to the Emergency Motion because Debtors may be prepared to close sales transactions in which the purchaser/builders are to receive a credit for prepetition unsecured debt. Attached as Exhibit "G" which is incorporated by reference herein is a copy of a Settlement Statement provided by Debtors to PNC Bank dated March 23, 2010 referencing a sale closing on Lot 88, Long Ridge Estates, Section 2. The name of the Borrower (which is presumably the purchaser) is Pulte Homes of Indiana, LLC. At Line 209 of the Settlement Statements, a Builder Deposit Credit of $15,450.00 is referenced. Likely, this is referencing a credit pursuant to a Lot Purchase Agreement that Pulte was entitled to pursuant to the prepetition agreement for which it is not secured. Providing Pulte this credit in a postpetition closing would be a preference yet this has not been disclosed in the Emergency Motion asking for sales of lots in the ordinary course.

WHEREFORE, PNC Bank respectfully prays that this Court deny the Debtors Emergency Motion and for all other relief as just and proper.

Dated: May 2, 2011

6

        **PLUNKETT COONEY, P.C.**
Attorneys for PNC Bank, National Association


By: /s/ Brandt N. Hardy
      Brandt N. Hardy (Attorney No. 8101-49)
      300 N. Meridian, Suite 990
      Indianapolis, IN  46204
      Ph:    (317) 964-2732
      Fax:   (317) 964-2744
      bhardy@plunkettcooney.com

Open.03654.93858.10873062-1