UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| PLATINUM PROPERTIES, LLC, et al.,[1] | ) | Case No. 11-05140 |
| | ) | |
| Debtors. | ) | JOINTLY ADMINISTERED |

**MOTION FOR APPROVAL OF SETTLEMENT OF CLAIMS
PURSUANT TO RULE 9019**

Platinum Properties, LLC ("Platinum"), one of the debtors and debtors-in-possession in the above-captioned case, submits this Motion for Approval of Settlement of Claims Pursuant to Rule 9019 (the "Motion"). In support thereof, Platinum respectfully states:

1. On April 25, 2011, Platinum filed with the United States Bankruptcy Court for the Southern District of Indiana, Indianapolis Division (the "Court") its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Platinum continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1448 and 1409.

3. The statutory basis for the relief requested herein is section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] The Debtor entities are Platinum Properties, LLC and PPV, LLC.

**Background**

4.     As more fully described in the Declaration of Steven R. Edwards In Support of First Day Pleadings [Docket No. 11], Platinum is a real estate developer in the business of manufacturing and selling real estate lots and parcels. Platinum has an ownership interest in several special purposes entities, including East Carmel, LLC ("East Carmel"). Platinum is the sole owner of East Carmel, and East Carmel in turn owns, operates and manages a mixed-use development project known as The Legacy (the "Project").

5.     East Carmel and LaSalle Bank National Association, as agent ("LaSalle") executed that certain Loan Agreement dated as of July 19, 2007 (the "Loan Agreement"), and that certain Promissory Note dated as of July 19, 2007 in the principal amount of $31,000.000.

6.     The Loan Agreement was amended by that certain First Amendment to Loan Agreement dated as of September 6, 2007. East Carmel executed that certain Replacement Promissory Note dated as of September 7, 2007, in favor of LaSalle, in the principal amount of $21,262,500 ("Note A"), and that certain Promissory Note dated September 2, 2007, in favor of Star Financial Bank ("Star") in the amount of $9,112,500 ("Note B" and together with Note A, the "Notes") to evidence loans in the total amount of $30,375,000 (the "Loan"). Note A was assigned by LaSalle to Star on or about April 19, 2011. Both of the Notes were assigned by Star to Falcon Nest, LLC ("Falcon Nest") on or about June 30, 2011.

7.     Platinum's obligations to Falcon Nest are secured by mortgage liens on the Project. Duke Construction Limited Partnership ("Duke Construction") holds a second priority lien on the Project subject to that certain Intercreditor and Subordination Agreement dated as of July 19, 2007, by and between Duke Construction and LaSalle.

8.  Steven R. Edwards, Paul F. Rioux, Jr., and Kenneth R. Brasseur (collectively, the "Individual Guarantors") and Platinum, as the sole owner of East Carmel, guaranteed East Carmel's payment and performance of the Loan and documents executed in connection therewith pursuant to those certain Guaranty of Payment and Completion guaranties dated as of July 19, 2007 (each, a "Guaranty"). Platinum and the Individual Guarantors may be collectively referred to herein as the "Guarantors".

9.  East Carmel failed to make the first cumulative principal reduction due on the Notes on July 31, 2009, and failed to make the second cumulative principal reduction due on the Notes on July 31, 2010. The Notes have now matured and are due and payable in full. The balance due under the Notes as of June 30, 2011 is $21,522,152.13, inclusive of principal and accrued interest.

10. Falcon Nest[2] instituted an action to foreclose its mortgage lien and security interests with respect to the Project. The action is pending in the Hamilton Superior Court under caption *Falcon Nest, LLC vs. East Carmel, LLC et al.*, Cause No. 29D01-1009-PL-1238 (the "Foreclosure Action").

11. Platinum and Falcon Nest now wish to resolve, compromise and settle any potential claims Falcon Nest may assert against Platinum's estate arising out of Platinum's Guaranty and the Foreclosure Action (the "Claim").

**Relief Requested**

12. Pursuant to Bankruptcy Rule 9019, Platinum requests that the Court enter an order (the "Approval Order") approving (i) the settlement of the Claim as to Platinum under

---

[2] Bank of America NA f/k/a LaSalle Bank National Association, as agent, filed the action in the Hamilton Superior Court. Pursuant to the *Motion for Substitution of Party Plaintiff* (Docket No. 27) filed by Star in the Foreclosure Action (as hereinafter defined), Star was substituted for Bank of America as plaintiff. Pursuant to the *Motion for Substitution of Party Plaintiff* (Docket No. 30) filed by Falcon Nest in the Foreclosure Action, Falcon Nest was substituted for Star as plaintiff.

3

the terms and conditions of and as evidenced by the Settlement Agreement (the "Settlement Agreement") attached hereto as Exhibit A without exhibits; (ii) the transfer and conveyance by East Carmel of the Project or the cooperation by East Carmel and Platinum in the Foreclosure Action as set forth in paragraph 1.a. of the Settlement Agreement; (iii) the transfer by East Carmel and Platinum of the Project Property (as defined in the Settlement Agreement) to Falcon Nest or its designee, Falcon Nest II, LLC ("Designee"); (iv) the performance by Platinum of all of its other obligations under the Settlement Agreement; and (v) the modification of the automatic stay in the above-captioned chapter 11 case to the extent necessary to permit Platinum to perform its obligations and for Falcon Nest or Designee to enforce Platinum's performance under the Settlement Agreement.

## The Settlement

13. As set forth more fully in the Settlement Agreement, Falcon Nest agrees to forbear from pursuing entry of judgment as to the Guarantors in the Foreclosure Action and to release the Guarantors from liability under the Loan. The consideration for Falcon Nest's release and forbearance is the Guarantors' obligations under the Settlement Agreement and the transfer of title to the Project to Falcon Nest or Designee.

14. To facilitate the transfer of title of the Project to Falcon Nest or Designee, the Guarantors agree to (a) consent to a deed-in-lieu of foreclosure, provided that Falcon Nest obtains Duke Construction's consent and release of its second mortgage, or (b) cooperate and consent to entry of judgment in the Foreclosure Action. The Guarantors further agree to rescind any and all pending discovery requests in the Foreclosure Action and to refrain from filing a response to Falcon Nest's pending motion for summary judgment in the Foreclosure Action after November 1, 2011.

15. As a condition to the Settlement Agreement, Falcon Nest requires that the Individual Guarantors provide the requisite expertise in developing the Project and that the Individual Guarantors execute a development services agreement (the "<u>Development Services Agreement</u>") through a new entity, Platinum Properties Management Company, LLC ("<u>Management Company</u>"), to be formed by the Individual Guarantors. None of the Individual Guarantors or Platinum will have any ownership interest in Management Company.

16. Pursuant to the Settlement Agreement and the Development Services Agreement, Management Company shall provide the sales, marketing and development services necessary to develop and effect sales of the Project or any part thereof. Management Company will employ the Individual Guarantors to provide the necessary sales, marketing and development services for the Project.

17. The Development Services Agreement shall provide for the payment to Management Company of a 3% sale fee and a 7.5% development management fee. Platinum will not receive any fees pursuant to the Settlement Agreement or the Development Services Agreement. However, Management Company will compensate Platinum by payment or assumption of expense to the extent Management Company utilizes Platinum personnel (other than the Individual Guarantors) or other resources to provide services under the Development Services Agreement.

18. The Settlement Agreement, if approved, will produce a material benefit to Platinum and its creditors. The proposed settlement will result in the release of $21,522,152.13 of claims against Platinum, which increases the value of remaining claims against Platinum's estate. In addition, to the extent of compensation from Management Company, Platinum will be relieved of some payroll and overhead expense.

19. The effective date of the Settlement Agreement as to Platinum shall be the date that the Approval Order becomes final, non-appealable and not appealed. The effective date of the Settlement Agreement as to the Individual Guarantors shall be the date that the following conditions are satisfied: (i) East Carmel conveys, transfers, or surrenders title to the Project; and (ii) Management Company executes the Development Services Agreement.

20. Platinum does not believe that there is any basis to avoid under Chapter 5 of the Bankruptcy Code or any other provision the mortgage on the Project Property or the transfers contemplated by the Settlement Agreement. Platinum believes that the Project Property is worth substantially less than the balance owing under the Notes. Prior to and continuing after the Petition Date, Jones Lang LaSalle conducted a sale process on behalf of the then holder of the Notes, Bank of America, N.A., to sell the Notes. Platinum is informed and believes that the highest offer received by Jones Lang LaSalle for the purchase of the Notes was approximately $7,000,000. Platinum thus does not believe that the transactions contemplated in the Settlement Agreement constitute a usurpation of any Platinum asset or corporate opportunity. The Approval Order shall provide accordingly.

## Basis for Relief

21. Pursuant to Bankruptcy Rule 9019(a), this Court has authority to approve a compromise or settlement after notice and opportunity for a hearing. Under Bankruptcy Rule 9019, a bankruptcy court should approve a proposed compromise if it is fair and equitable and in the best interests of the estate. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). The Seventh Circuit Court of Appeals has offered the following guidance to courts in making such determinations:

6

> The linchpin of the "best interests of the estate" test is a comparison of the value of the settlement with the probable costs and benefits of litigating. Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, "including the possibility that disapproving the settlement will cause wasting of assets."

*Doctors Hosp. of Hyde Park*, 474 F.3d at 426 (citations omitted).

22. Platinum believes that the settlement is in the best interests of its bankruptcy estate and constitutes the good faith exercise of Platinum's sound business judgment.

23. The settlement of the Claim sought in this Motion is in the best interests of Platinum's estate and creditors because it releases Platinum from in excess of twenty-one million dollars in liability. Further, resolution of the Foreclosure Action removes the risk of distraction of the principals of Platinum – as the sole owner of East Carmel – during the reorganization process.

24. Notice of this Motion will be provided to all creditors, the United States Trustee, the debtors in the above-captioned case, all counsel of record, and any other entity that the Court may direct, as provided in Bankruptcy Rules 2002 and 9019.

WHEREFORE, Platinum respectfully requests that the Court (a) enter an Approval Order authorizing (i) the settlement of the Claim as to Platinum under the terms and conditions of and as evidenced by the Settlement Agreement, (ii) the transfer and conveyance by East Carmel of the Project or the cooperation by East Carmel and Platinum in the Foreclosure Action as set forth in paragraph 1.a. of the Settlement Agreement; (iii) the transfer by East Carmel and Platinum of the Project Property to Falcon Nest or Designee; (iv) the performance by Platinum of all of its other obligations under the Settlement Agreement; and (v) the modification of the automatic stay in the above-captioned chapter 11 case to the extent necessary to permit Platinum to perform its obligations and for Falcon Nest or Designee to enforce Platinum's

7

performance under the Settlement Agreement, and (b) grant Platinum all other just and proper relief.

          Respectfully submitted,

          BAKER & DANIELS LLP

          By:   /s/ *Kayla D. Britton*
          *Counsel for the Debtors and Debtors-in-Possession*

Jay Jaffe (#5037-98)
Jennifer A. Pearcy (#27460-29)
Baker & Daniels LLP
600 E. 96th Street, Suite 600
Indianapolis, IN 46240
Telephone: (317) 569-4687
Facsimile: (317) 569-4800
jay.jaffe@bakerd.com
jennifer.pearcy@bakerd.com

Kayla D. Britton (#29177-06)
Baker & Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Facsimile: (317) 237-1000
shiv.oneill@bakerd.com
kayla.britton@bakerd.com

8

# CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2011, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | | |
|---|---|---|
| Kayla D. Britton<br>kayla.britton@bakerd.com | Brandt N. Hardy<br>bhardy@plunkettcooney.com | Jay Jaffe<br>jay.jaffe@bakerd.com |
| Alan K. Mills<br>alan.mills@btlaw.com | Shiv Ghuman O'Neill<br>shiv.oneill@bakerd.com | Mark R. Owens<br>mowens@btlaw.com |
| Jennifer A. Pearcy<br>jennifer.pearcy@bakerd.com | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov | Charles R. Wharton<br>charles.r.wharton@usdoj.gov |
| Howard Russell Cohen<br>hcohen@fbtlaw.com | Henry A. Efroymson<br>henry.efroymson@icemiller.com | Kevin Alonzo Morrissey<br>kmorrissey@lewis-kappes.com |
| John R. Humphrey<br>jhumphrey@taftlaw.com | David J. Jurkiewicz<br>DJurkiewicz@boselaw.com | Elliott D. Levin<br>edl@rubin-levin.net |
| George W. Hopper<br>ghopper@hopperblackwell.com | David M Bullington<br>dbullington@hopperblackwell.com | Jeremy Daniel Schreiber<br>jschreib@chapman.com |
| Mark Douglas Rasmussen<br>rasmusse@chapman.com | Nick J Cirignano<br>ncirignano@zsws.com | James S. Kowalik<br>jsk@hostetler-kowalik.com |
| Thomas B. Allington<br>tallington@rubin-levin.net | Roberto A Ramirez<br>roberto.ramirez@icemiller.com | James M. Matthews<br>jmatthews@fbtlaw.com |

I further certify that on October 7, 2011, a copy of the foregoing pleading was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

| | | |
|---|---|---|
| Duke Construction Limited Partnership<br>600 E. 96th Street, Suite 100<br>Indianapolis, IN 46240 | Star Financial Bank<br>3610 River Crossing Parkway<br>Indianapolis, IN 46240 | Bond Safeguard Insurance Company<br>c/o HUB International Scheers<br>601 Oakmont Lane, Suite 400<br>Westmont, IL 60559 |
| Pulte Homes of Indiana, LLC<br>11590 N. Meridian St., Ste 530<br>Carmel, IN 46032 | First Merchants Bank, N.A.<br>10333 N. Meridian, Suite 350<br>Indianapolis, IN 46290 | Northern Trust<br>50 South LaSalle Street<br>Chicago, IL 60675 |
| Palmer Properties, LLC<br>2929 S. Holt Rd.<br>Indianapolis, IN 46241 | KB Homes Indiana, Inc.<br>10990 Wilshire Blvd., Suite 700<br>Los Angeles, CA 90024 | James J. Nelson and Jane A. Nelson<br>4861 Keswick Way<br>Naples, FL 34105 |
| Hamilton County Treasurer<br>33 N. 9th Street, Suite 112<br>Noblesville, IN 46060 | Hancock County Treasurer<br>111 American Legion Pl., Suite 205<br>Greenfield, IN 46140-2371 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| RH of Indiana, L.P.<br>9025 N. River Rd., Suite 100<br>Indianapolis, IN 46240 | M/I Homes of Indiana, L.P.<br>8500 Keystone Crossing, Suite 190<br>Indianapolis, IN 46240 | Long Ridge Estates Homeowners Association, Inc.<br>9757 Westpoint Dr., Suite 600<br>Indianapolis, IN 46256 |
| Heather Knoll Homeowners Association, Inc.<br>9757 Westpoint Dr., Suite 600<br>Indianapolis, IN 46256 | City of Carmel<br>One Civic Center<br>Carmel, IN 46032 | Alan J. Dansker<br>Bingham McHale LLP<br>2700 Market Tower<br>10 West Market Street<br>Indianapolis, IN 46204 |

Kristin E. Richner
Squire, Sanders & Dempsey (US) LLP
41 South High Street, Suite 2000
Columbus, OH 43215


/s/ *Kayla D. Britton*